POLEN, Judge.
In this post-dissolution action, Former Wife appeals from three orders which held her in contempt of court and imposed sanctions for failing to return the parties’ fourteen-year old daughter to Former Husband, the primary residential custodial parent, after the child ran away to Former Wife’s home. Former Wife testified that on one occasion she attempted to return the child to Former Husband but he was not at home, and, when she returned the child to her father on other occasions, the child ran away to her home again. Former Husband testified that the child’s belongings are at Former Wife’s home, and that Former Wife prevents him from communicating with the child. The court thereafter held Former Wife in contempt and awarded Former Husband $6,100 as the aggregate of a $100 per day sanction imposed for Former Wife’s failure to return the child to him from October 15, 1997 to December 15, 1997. The court further allowed to remain in effect the $100 per day fine for each day thereafter the child was not returned to her father.
Former Wife argues the trial court erred in making insufficient findings of contempt. We disagree. The court resolved the credibility issues inherent in this case adverse to Former Wife’s position, and, in any event, there is competent substantial evidence in the record to support such findings. See generally Smith v. Brown, 511 So.2d 659, 660 (Fla. 4th DCA 1987). As such, we affirm.
As to the sanctions imposed, we affirm in part. Although we might not have resolved this dispute in the same manner which the trial court utilized, we believe it acted within its discretion in sanctioning Former Wife. However, to the extent that Former Wife was fined $100 per day for those days she would have otherwise had regular visitation with the child, we reverse. On remand, the court is instructed to not fine Former Wife for days on which she was and is entitled to such visitation.
As to all other issues raised in this appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED in part and REMANDED in accordance with this opinion.
STEVENSON and TAYLOR, JJ., concur.